IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 9, 2013

## LEWIS YOUNG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 10-01646     W. Mark Ward, Judge

**No. W2012-01057-CCA-R3-PC - Filed September 30, 2013**

The petitioner, Lewis Young, appeals the denial of his petition for post-conviction relief, arguing that he received ineffective assistance of counsel at trial. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Anna R. Smith, Memphis, Tennessee, for the appellant, Lewis Young.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Pamela Fleming, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On January 31, 2011, the petitioner pled guilty to aggravated rape, aggravated kidnapping, and robbery in exchange for an effective sentence of forty years to be served at 100%. On August 29, 2011, the petitioner, *pro se*, submitted an unnotarized petition for post-conviction relief. The petitioner then filed a notarized petition on January 4, 2012.

Because neither a transcript of the post-conviction evidentiary hearing nor a transcript of the guilty plea hearing is included in the record on appeal, we glean the following facts from the post-conviction court's order entered on April 11, 2012, denying the petitioner's petition:

An evidentiary hearing was conducted on April 9, 2012. A transcript of the guilty plea proceeding was made Ex. 1 to the hearing. The guilty plea hearing was conducted before [the trial judge] on January 31, 2011. The petitioner testified during the hearing and was questioned thoroughly by the judge as to whether he understood his legal rights. As for the range of punishment, [the trial judge] advised the [p]etitioner, among other things, that as a persistent offender, his 40 year sentence was the minimum sentence authorized by law. He also explained, at length, that there was no parole for the sentence which must be served at 100%. Finally, the transcript reveals the following question and answer: "Are you entering this plea freely and voluntarily without any threats or pressures or promises? A: (by petitioner) Yes, sir."

[The petitioner] testified in the post-conviction evidentiary hearing. He was represented by [counsel]. He said he had been on psychiatric medication since he was 15 years of age. He was on medication at the time he entered his plea, but not at the time he committed the crime. He has a prior diagnosis of paranoid schizophrenia. He testified further that he told his attorney about being on medication. He testified further that at the time of his plea he was not fully explained the consequences of entering the plea.

He further testified that his lawyer advised him that if he went to trial he might receive more time in prison. He further claimed that he did not understand anything the judge told him in the guilty plea proceeding.

When pressed as to what he did not understand, he could not provide much in the way of details.

The [S]tate presented no witnesses.

## ANALYSIS

The petitioner argues that he received ineffective assistance of trial counsel, which resulted in unknowing and involuntary guilty pleas.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the

findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

Before a guilty plea may be accepted, there must be an affirmative showing in the trial

court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 533 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

In its order denying the petition, the post-conviction court concluded:

> As for [the petitioner's] claim that he failed to understand the full consequences of his guilty plea, the [p]etitioner was unclear and not specific about what he did not understand. Basically, he took the stand in the post-conviction hearing and did nothing more than make generalized claims that he did not fully understand what was occurring. When questioned further by the court, however, he appeared to admit that he did have an understanding at the time. In short, in light of his less than clear testimony and the abundantly clear transcript of the guilty plea proceedings which evidence an understanding on the [petitioner's] part, this court resolves this issue against the petitioner and concludes that he did have an adequate understanding of the consequences of the guilty plea. Stated otherwise, the [p]etitioner has failed to carry his burden of proof on this issue.

> In summary, the [p]etitioner has failed to prove ineffective assistance or that his guilty plea was unknowing, unintelligent, or involuntary.

It was the petitioner's duty to provide a record that conveys a fair, accurate, and complete account of what transpired with regard to his petition. See Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Our supreme court has held: "Where

-4-

the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). This court is to presume the trial court's findings are correct if a relevant transcript is not included in the record. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

The transcripts of the guilty plea hearing and the post-conviction evidentiary hearing are not included in the record on appeal. The post-conviction court resolved the claims raised by the petitioner by making credibility determinations upon the evidence presented. Accordingly, we presume that the transcripts support the court's findings and, therefore, conclude that the petitioner is not entitled to post-conviction relief.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
ALAN E. GLENN, JUDGE